

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:14-CR-92(3)** |
| | § | |
| **ANTHONY DWANE MOORE** | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
## BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States

Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the

Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a

felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3).  *United*

*States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On April 29, 2015, this cause came before the undersigned United States Magistrate Judge for

entry of a guilty plea by the defendant, Anthony Dwane Moore, on **Count Two and Count Five**

of the charging **Indictment** filed in this cause.

Count Two charges that from on or about May 2013, the exact date remaining unknown,

and continuing thereafter until September 3, 2014, in the Eastern District of Texas, Kenyon Vagn Lovelace and Anthony Dwane Moore, defendants, did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury to distribute and possess with intent to distribute a Schedule III controlled substance, namely, anabolic steroids, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, all in violation of 21 U.S.C. § 846.

Count Five also charges a violation of 21 U.S.C. § 846. Specifically, it charges Mr. Moore and a co-defendant with conspiracy with intent to distribute a Schedule I controlled substance, namely Methylone.

Defendant, Anthony Dwane Moore, entered a plea of guilty to Count Two and Count Five of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.     That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.     That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not

result from force, threats or promises.  *See* FED. R. CRIM. P. 11(b)(2).

c.  That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offenses and Defendant realizes that his conduct falls within the definition of the crimes charged under 21 U.S.C. § 846.

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government and Defendant submitted separate factual basis filings.   The defendant agreed with the statements in his factual basis and signed that factual basis which was filed in the record and plea hearing.  All parties agreed that the stipulated statements in defendant's factual basis constitute proof of each of the essential elements of the charged crimes.  The Court incorporates the proffer of evidence described in detail on the record in support of the guilty plea.

Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty.  The Defendant personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count Two and Count Five** of the charging **Indictment** on

file in this criminal proceeding. Accordingly, it is further recommended that, Defendant, Anthony Dwane Moore, be finally adjudged as guilty of the charged offenses under **Title 21, United States Code, Section 846.**

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. The Court advises Defendant that the District Court may reject the plea and the District Court can decline to sentence Defendant in accordance with the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir.

1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 6th day of May, 2015.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE